IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERNANDO TEPOZTECO, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | No. 3:25-CV-172-S |
| § | | |
| MALCOLM DESHAWN § | | |
| BATTEAST, and XPO LOGISTICS § | | |
| FREIGHT, INC., § | | |
|     Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

On April 24, 2025, Plaintiff Fernando Tepozteco filed a motion for substituted service of process on Defendant Malcolm Deshawn Batteast. (*See* Dkt. No. 15 ("Mot.").) United States District Judge Karen Gren Scholer referred the motion to the undersigned magistrate judge for hearing, if necessary, and determination. (*See* Dkt. No. 16.) For the reasons explained below, Tepozteco's motion is **DENIED** without prejudice.

**I. BACKGROUND**

This case arises out of a motor-vehicle accident that occurred on October 17, 2023. (*See* Dkt. No. 1-3 ("Compl.") at 3.) Tepozteco alleges that the accident, and his resulting injuries, were caused by Defendant Batteast, who was operating a tractor-trailer in connection with his employment with Defendant XPO Logistics Freight, Inc. ("XPO").

XPO has appeared in the lawsuit and removed this action from state court. (*See* Dkt. No. 1.) After attempting unsuccessfully to serve Batteast with a summons

and copy of the complaint, Tepozteco moves for authorization to provide notice of the lawsuit to Batteast by substituted service. (*See* Mot.) Tepozteco requests that the Court authorize substituted service of process by one of more of the following methods: (1) affixing the citation and complaint to the front door or another conspicuous location at what Tepozteco believes is Batteast's residence; (2) mailing the citation and complaint by certified mail, return receipt requested, to what he believes is Batteast's last known address; (3) serving the citation to a Facebook account believed to belong to Batteast; or (4) any other manner the Court deems reasonably calculated to provide notice. (*Id.* at 2-3.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Tepozteco seeks to effect service in Texas. Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

So, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

Comment to 2020 Change to the Texas rule notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of

Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), *available at* https://www.txcourts.gov/media/1449613/209103.pdf.

When a plaintiff demonstrates that the technology accounts belong to and were recently used by the defendant, courts are more likely to find that electronic service would be "reasonably effective" in giving notice of the lawsuit. *See, e.g.*, *Chrisenberry v. Ketcher*, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (allowing substitute service by social media when plaintiff showed that defendant had been active on his social media account in the past month and plaintiff identified the account as the defendant's through the account's photographs); *Sec. and Exch. Comm'n v. Plummer*, 2022 WL 1643958, at *1-2 (N.D. Tex. May 23, 2022) (granting service by email when plaintiff presented evidence that defendant's email address belonged to defendant and was used less than three months prior); *Hernandez v. Erazo*, 2022 WL 17490682, at *1-2 (W.D. Tex. Oct. 31, 2022) (finding service by email and social media proper when the accounts belonged to respondent and petitioner had previously used them to communicate with respondent).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and

(2) "specifically the facts showing that" traditional service under Rule 106(a) has been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

### III. ANALYSIS

Plaintiff Tepozteco submitted several declarations to support his contention that he has attempted service multiple times. (*See* Dkt. Nos. 15-1 at ECF p. 1-2 ("Segovia Dec."), 15-1 at ECF p. 3 ("Hatcher Dec."), 15-2 ("Pannell Aff.").)[1] Upon review, the Court finds that Tepozteco has not demonstrated that the proposed substituted service is appropriate at this time.

**A.    Tepozteco has shown unsuccessful efforts to serve Batteast.**

In affidavits submitted in support of the motion, process servers document unsuccessful attempts to contact Batteast at addresses believed to be his. They first made attempts to serve him at 3818 Esters Road, Apartment #316, in Irving, Texas. (Segovia Dec. at ECF p. 1; Hatcher Dec. at ECF p. 3; Pannell Aff. at ECF p. 2.) They made at least five attempts at that address between December 20, 2024, and February 13, 2025, but around the time of the last attempt a process server received information confirming that Batteast had not lived at that address since this lawsuit

---

[1] The Court cites Tepozteco's supporting evidence in this way because he does not comply with N.D. Tex. L.R. 7.1(i), which requires that supporting materials be submitted in a self-contained appendix with pages that are sequentially numbered. Although the Court chooses not to strike Tepozteco's filings for noncompliance, it encourages the parties observe N.D. Tex. L.R. 7.1(i) in the future, as it "streamlines the resolution of motions by making it easier for the court to locate [and cite] materials in appendices that are relied on by the parties." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2019 WL 7938266, at *6 n.10 (N.D. Tex. May 16, 2019).

was filed. (Segovia Dec. at ECF p. 1-2; Hatcher Dec. at ECF p. 3; Pannell Aff. at ECF p. 2.) One process server, Mauricio Segovia, also called a number believed to be connected to Batteast, and the call was answered by a woman who, upon being asked for "Malcolm," reported it was a wrong number. (Segovia Dec. at ECF p. 1.) Process servers also attempted to find Batteast at 3802 Esters Road, Apartment #1102, but the resident there explained that she moved into the apartment in January 2025, and did not know Batteast. (Hatcher Dec. at ECF p. 3.)

On February 25, 2025, Tepozteco hired Justin Pannell, a private investigator, to locate Batteast. (*See* Pannell Aff.) Using Batteast's personal information, Pannell searched proprietary databases and learned of an address at 5151 Village Fair Drive, Apartment #11209, in Dallas, Texas and identified social media accounts purportedly connected to Batteast. (Pannell Aff. at 1.) Pannell subsequently made four unsuccessful attempts to find Batteast at the Village Fair address between March 4 and 8, 2025. (*Id.* at 3.) On each attempt, Pannell did not get an answer at the door and did not find any information corroborating a connection to Batteast. (*Id.*) He made contact with the leasing office on his final attempt, but management would not give him any information. (*Id.*)

With respect to social media accounts, Pannell indicates that database searches revealed accounts on Instagram, Facebook, and TikTok tied to Batteast. (Pannell Aff. at 1.) Pannell explains that the Instagram account is private, restricting access to the profile, but that the TikTok and Facebook accounts are semi-private, and he states, without explanation, that Batteast "appears to be actively posting on

both platforms." (*Id.*) Apart from the usernames and privacy settings, however, Tepozteco does not supply any additional information, such as confirming information that Batteast owns or uses the account or the recency of his activity.

**B.      Tepozteco does not sufficiently establish a reasonable likelihood that Batteast would receive notice of the lawsuit at the proposed address or social media account.**

First, Tepozteco requests that he be allowed to serve Batteast by affixing the citation and complaint to the front door of the Village Fair apartment. (Mot. at 3; Pannell Aff. at 4.) Tepozteco, however, has not demonstrated that this method of service will be reasonably effective in giving Batteast notice of the lawsuit. The only information Tepozteco provides connecting Batteast to the Village Fair address is an unspecified database hit, which is presumably the kind of lead that previously sent process servers to the Esters Road addresses where they found indications that Batteast did *not* actually live there. In the absence of some corroborating information, Tepozteco's general assertion of an unspecified database entry is insufficient to show that the Village Fair address is "where the defendant can probably be found." *See Washington Intern. Ins. Co. v. S. Mech. Plumbing, Inc.*, No. 3:14-CV-4028-D, 2015 WL 362772, at *1-2 (N.D. Tex. Jan. 27, 2015) (allowing substituted service at defendant's usual place of business after plaintiff confirmed with the office administrator that defendant worked there and observed a car registered to defendant in the parking lot); *see also Forteza v. Vehicle Serv. Dep't*, No. 3:23-CV-874-L-BH, 2023 WL 5281936, at *2 (N.D. Tex. Aug. 16, 2023) (permitting

substituted address at defendant's home address "where he had recently been served in connection with a different lawsuit.").

Similarly, Tepozteco has not shown that service of process through the social media account is reasonably likely to result in notice. Pannell asserts in a conclusory manner that Batteast appears to have used the accounts recently, but neither the motion nor the affidavits explains beyond a database entry how the identified social media accounts are tied particularly to Batteast or were recently used *by him*. Likewise, Tepozteco has not demonstrated that posting a summons and copy of the complaint on the social media account "will be reasonably effective to give [Batteast] notice of the suit." Tex. R. Civ. P. 106(b)(2).

Finally, Tepozteco requests that the Court permit him to serve Batteast by mailing the citation and complaint by certified email, return receipt requested. (Mot. at ECF p. 2.) If Tepozteco wishes to attempt service via certified mail, he may do so under Texas Rule of Civil Procedure 106(a)(b) without leave of court. *See* Tex. R. Civ. P. 106(a)(2); *see also Fortaleza*, 2023 WL 5281936, at *1 ("Texas law provides for service by delivering to the defendant in person, or by mailing to defendant by registered or certified mail, return receipt requested, a copy of the citation and a copy of the petition."). If he attempts service in this manner, however, it will be his responsibility to establish that the documents were sent to Batteast. *See Laughlin Energy Motor Sports, LLC v. Americana Pro Detailing Prods. LLC*, No. 4:22-CV-00876-P, 2023 WL 1805870, at *4 (N.D. Tex. Feb. 7, 2023) ("Under Texas law, when service

is completed through certified mail, the return receipt must bear the 'addressee's signature.'" (citing Tex. R. Civ. P. 107(c).)).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Substituted Service on Defendant Batteast **WITHOUT PREJUDICE** to refiling the motion with an accompanying affidavit that satisfies the standards in Texas Rule of Civil Procedure 106(b).

**SO ORDERED** on May 16, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE