IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FERNANDO TEPOZTECO,<br>　　　Plaintiff,<br><br>v.<br><br>MALCOLM DESHAWN<br>BATTEAST, and XPO LOGISTICS<br>FREIGHT, INC.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:25-CV-172-S |

## MEMORANDUM OPINION AND ORDER

On May 29, 2025, Plaintiff Fernando Tepozteco filed a Renewed Motion for Substitute Service. (Dkt. No. 28 ("Mot.").) United States District Judge Karen Gren Scholer referred the motion to the undersigned magistrate judge for hearing, if necessary, and determination. (*See* Dkt. No. 29.) For the reasons explained below, Tepozteco's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff sues Defendants Malcom Deshawn Batteast and XPO Logistics Freight, Inc. ("XPO") for injuries arising out of a motor-vehicle accident on October 17, 2023. (*See* Dkt. No. 1-3 ("Compl.") at 3.) Tepozteco alleges that Batteast, while operating a tractor-trailer in the scope of his employment with XPO, was at fault and caused the accident.

XPO has appeared in the lawsuit and removed this action from state court. (*See* Dkt. No. 1.) After attempts to serve the summons and complaint on Batteast were unsuccessful, Plaintiff filed a motion seeking court authorization to serve

-1-

Batteast through substitute service under Fed. R. Civ. P. 4(e)(1) and Tex. R. Civ. P. 106 by leaving a copy of the summons and complaint at an apartment address in Irving, Texas and posting the documents on a social media account.  (Dkt. No. 15.)  The Court denied that request without prejudice for reasons explained in that order.  (Dkt. No. 25.)  After conducting additional investigation, Plaintiff renews his motion and seeks authorization to serve Batteast through two social media accounts.  (*See* Mot.)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

This Court is located in the state of Texas, and Plaintiff seeks to effect service in Texas.  Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
>> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the

> location named in the statement but has not been successful, the court may authorize service:
>
>> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>>
>> (2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.

So, under Texas Rule 106(b), if a plaintiff's attempts to serve a defendant in person or by registered or certified mail are unsuccessful, a court may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice. *See* Tex. R. Civ. P. 106(b); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993). If a defendant is absent or a nonresident of Texas, that defendant still may be served in the same manner as a resident defendant. *See* Tex. R. Civ. P. 108.

Comment to 2020 Change to the Texas rule notes that a court may "permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103, (Tex. Aug. 21, 2020), *available at* https://www.txcourts.gov/media/1449613/209103.pdf.

When a plaintiff demonstrates that the technology accounts belong to and were recently used by the defendant, courts are more likely to find that electronic service would be "reasonably effective" in giving notice of the lawsuit. *See, e.g.*, *Chrisenberry v. Ketcher*, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022) (allowing substitute service by social media when plaintiff showed that defendant had been active on his social media account in the past month and plaintiff identified the account as the defendant's through the account's photographs); *Sec. and Exch. Comm'n v. Plummer*, 2022 WL 1643958, at *1-2 (N.D. Tex. May 23, 2022) (granting service by email when plaintiff presented evidence that defendant's email address belonged to defendant and was used less than three months prior); *Hernandez v. Erazo*, 2022 WL 17490682, at *1-2 (W.D. Tex. Oct. 31, 2022) (finding service by email and social media proper when the accounts belonged to respondent and petitioner had previously used them to communicate with respondent).

As to the sworn statement requirement, "[t]he court may authorize substituted service pursuant to Rule 106(b) only if the plaintiff's supporting affidavit strictly complies with the requirements of the Rule." *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) "specifically the facts showing that" traditional service under Rule 106(a) has

been attempted "at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b).

### III. ANALYSIS

Plaintiff has submitted an affidavit from Justin Pannell in support of the Motion. (*See* Dkt. No. 32 ("Aff.").) It documents the information linking identified social media accounts to Defendant Batteast and several instances in which attempts were made to serve Batteast in person but were unsuccessful.

Pannell's affidavit establishes that Plaintiff has attempted to serve Batteast with the summons and complaint several times but has not successfully delivered them to Batteast. Between December 26, 2024 and February 13, 2025, four attempts were made to find Batteast at 3818 Esters Road, Apartment 316 in Irving, Texas. (Aff. at 7-8.) On the last attempt, the process server spoke to the resident of the apartment who reported that she had moved into the apartment in January 2025 and did not know Batteast. (Aff. at 8.) Four unsuccessful attempts were made to find Batteast between March 4 and March 8, 2025, at 5151 Village Fair Drive in Irving. (Aff. at 8.) (*See also* Dkt. No. 25 at 5-6.)

Based on information Pannell obtained through proprietary databases, he concluded that Batteast purchased a car on April 4, 2025, and that the vehicle is registered to Batteast at the 3818 Easters address. (Aff. at 6.) Based on what he concludes was Batteast's recent use of an invalid address, Pannell believes Batteast may be residing with another person and does not maintain a residence under his own name. (Aff. at 7.)

Plaintiff requests authorization to serve Batteast through two social media accounts on Facebook and Tik Tok. (Mot. at 5.) Pannell's affidavit contains facts demonstrating that the accounts belong to Batteast and that Batteast has actively used them. With respect to the Facebook account, it is in Batteast's name—"Malcom D Batteast"—and it displays a profile picture that Pannell asserts is Defendant. (Aff. at 1-2.) The Facebook profile lists the user's hometown as Greenville, Mississippi, which is the state that corresponds to Defendant's social security number. (Aff. at 2.) As for recent activity, the affidavit establishes that the user posted multiple photographs on May 17, 2025, of a Dodge car matching the description of the vehicle recently registered to Batteast according to database records. (Aff. at 2.)

As for Tik Tok account "abovedarim1," Pannell also states that it displays a recognizable image of Batteast, and it hosts a video of a vehicle previously registered to Batteast. (Aff. at 3.) Pannell documents recent use by the Tik Tok account user, including a video posted showing that it was made in Irving, Texas. (Aff. at 3-6.) Pannell further states that both of these social media platforms allow a message to be sent directly to the user of the account. (Aff. at 2-3.)

Plaintiff's motion is supported by an affidavit that complies with Tex. R. Civ. P. 106(b). It establishes several unsuccessful attempts to serve Batteast and details facts supporting a belief that Batteast operates and is actively using the Facebook and Tik Tok accounts. Plaintiff has adduced facts showing that serving process by

sending it by a message to the user of Facebook account "Malcom D Batteast" and also by a message to the user of Tik Tok account "abovedarim1" will be reasonably effective in giving notice to Defendant Batteast. Therefore, the Court finds that substitute service under Tex. R. Civ. P. 102(b)(2) is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Renewed Motion for Substitute Service (Dkt. No. 28) on Defendant Malcolm Batteast. Plaintiff shall send a summons, a copy of the amended complaint, and a copy of this Memorandum Opinion and Order, to Defendant Batteast by sending a direct message to the user of the Facebook account "Malcolm D Batteast" and also to the user of the Tik Tok account "abovedarim1."

**SO ORDERED** on June 25, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE